JOSEPHINE FENNEMA, Plaintiff-Appellant, *v.* THOMAS J. JOYCE, Admr. of the Estate of Raymond Fouts, Deceased, Defendant-Appellee.

(No. 55615;

First District—May 30, 1972.

James E. Land, of Calumet City, for appellant.

Tim J. Harrington, of Chicago, (A. J. Petrucelli, of counsel,) for appellee.

Mr. PRESIDING JUSTICE STAMOS delivered the opinion of the court:

This appeal arises from an action for personal injuries, where plaintiff prevailed on the issue of liability and defendant prevailed on the issue of damages. Plaintiff has appealed from the trial court's order denying a Motion for a Change of Venue and from that portion of the final order finding in favor of defendant on the issue of damages.

On July 16, 1965, plaintiff, Josephine Fennema, individually and on behalf of her minor son, James, filed a complaint against the estate of Raymond Fouts, for personal injuries allegedly incurred in an automobile collision in 1963. The administrator of the estate filed an answer on November 8, 1965, and demanded a jury trial. In 1966 plaintiff's action was consolidated with that of Gertrude Weiss, who was injured in the same accident. Discovery proceeded throughout the next several years. On February 27, 1970, plaintiff filed a Notice to Admit Facts, pursuant to Supreme Court Rule 216,[1] requesting defendant to virtually admit liability. Defendant was afforded several delays in answering the notice, but on August 3, 1970, an order was entered requiring defendant to answer plaintiff's Notice to Admit Facts within 14 days or be deemed to have admitted such facts. Defendant did not comply, and his motion to vacate the August 3rd order was denied. The cause proceeded to pre-trial on September 25, 1970, before Judge David Canel. The only order resulting from the pre-trial conference was the setting of the trial date for September 29, 1970. On September 28, 1970, plaintiff filed a Motion for Change of Venue (mistakenly entitled, "Motion for Substitution of Judges"). An affidavit accompanying said motion alleged that, during the pre-trial conference, the trial judge had "disparaged" plaintiff's claim and had personally recommended to defendant that he waive his Jury Demand and proceed with a bench trial on the issue of damages. Although the record contains no transcript of the pre-trial conference, the final order reflects that defendant in fact waived his Jury Demand during the conference. Plaintiff's motion was summarily denied. The cause proceeded to trial on September 29, 1970. On that date an order was entered, dismissing James Fennema and Gertrude Weiss as parties plaintiff, finding for plaintiff on the issue of liability and finding for defendant on the issue of damages.

Plaintiff has raised several issues on appeal. However, we find it necessary only to decide whether the trial court erred in denying plaintiff's Motion for Change of Venue.

■■ The right to a change of venue on account of prejudice of the

---

[1] Ill. Rev. Stat. 1969, ch. 110A, par. 216.

trial court is absolute if the requirements of the statute are met. (*Gates v. Gates*, 38 Ill.App.2d 446, 187 N.E.2d 460.) The venue provisions are to be construed liberally in order to promote rather than defeat the right to a change of venue. (*People v. Chambers*, 9 Ill.2d 83, 136 N.E.2d 812.) Nevertheless, a petition for a change of venue must be offered at the earliest practical moment. A petition is untimely if it is offered after a hearing on the merits has commenced (*Ostro, Inc. v. Boydston Bros., Inc.*, 323 Ill.App. 137, 54 N.E.2d 742), or after the trial judge has made rulings concerning matters of substance. *People v. Lawrence*, 29 Ill.2d 426, 194 N.E.2d 337.

■■ In the case at bar, defendant contends that the petition was not in proper form, since it was signed by only one of the three plaintiffs, contrary to the mandate of Section 9 of the Venue Act.[2] If this defect had been detected at the trial level, plaintiff would have been afforded an opportunity to amend her motion. Since it was not raised, we must deem that defect to have been waived. *Hinduliak v. Inn of the Four Lakes, Inc.*, 98 Ill.App.2d 42, 47-48, 240 N.E.2d 532.

■■ Although defendant has not raised the issue of timeliness, we have independently determined that the petition was not untimely. Plaintiff acted within three days of discovering the trial judge's alleged prejudice. No ruling of substance had been made by the trial judge, and the hearing on the merits had not commenced. It has been held that a petition for change of venue, filed immediately subsequent to a pre-trial conference, is not untimely. (*Johnson v. United Motor Coach Co.*, 66 Ill.App.2d 295, 214 N.E.2d 326; *Roherty v. Green*, 57 Ill.App.2d 362, 206 N.E.2d 756; *Steiner v. Steiner*, 44 Ill.App.2d 355, 194 N.E.2d 508.) We are not prepared to hold that a pre-trial conference could never render untimely a Motion for Change of Venue, for we recognize the potential for abuse in a rule which would allow litigants to test the disposition of a trial judge during pre-trial, while retaining an absolute right to a change of venue. However, under the facts at bar, we believe that plaintiff's Motion for a Change of Venue was timely and should have been granted.

■■ In view of our conclusion, we must reverse both the order of September 28, 1970, denying the Motion for Change of Venue and the final order rendered on September 29, 1970. Where a Motion for Change

---

[2] Ill. Rev. Stat. 1969, ch. 146, par. 9. (Repealed by P.A. 77-1452, § 2, eff. September 7, 1971):

"§ 9. When there are two or more plaintiffs or defendants, a change of venue shall not be granted unless the application is made by or with the consent of at least three-fourths of the parties, plaintiff or defendant, as the case may be. ✳ ✳ ✳."

of Venue on the grounds of prejudice is presented in due time and in proper form, the court is without power to render any further order except in connection with the order allowing the change of venue. (*Hinduliak v. Inn of the Four Lakes, Inc., supra; Agar Packing & Provision Corp. v. United Packinghouse Workers of America,* 311 Ill.App. 502, 36 N.E.2d 750.) This cause is remanded to the Circuit Court with directions that it be transferred to another judge of the Circuit Court for further proceedings not inconsistent with this opinion.

Reversed and remanded with directions.

SCHWARTZ and LEIGHTON, JJ., concur.