JEANEEN A. BECKER *et al.*, Plaintiffs-Appellees, v. R.E. COOPER COR-
PORATION, Defendant-Appellant (Eaton Corporation *et al.*, Defendants-Ap-
pellees).

Third District   No. 3—89—0019

Opinion filed January 18, 1990.

460

Tressler, Soderstrom, Maloney & Priess, of Wheaton (Francis A. Spina and Robert S. Soderstrom, of counsel), for appellant.

Edward V. Scoby and Richard D. Trainor, both of Reed, Scoby & Trainor, Ltd., of Chicago (Charles J. Reed, Louis Hilfman, John R. Fanone, and William F. Martin, of counsel), for appellee Jeaneen A. Becker.

Louis Hilfman, of Law Office of Louis Hilfman, Ltd., of Chicago, for appellee Donna Flanner.

John R. Fanone and Thomas M. Sheehan, both of Robert D. Kolar & Associates, Ltd., of Chicago, for appellee Eaton Corporation.

John R. Reidy and William F. Martin, both of Ruff, Weidenaar & Reidy, Ltd., of Chicago, for appellee Kankakee Lift Truck, Inc.

JUSTICE STOUDER delivered the opinion of the court:
This appeal arises from consolidated personal injury cases brought by plaintiffs-appellees, Jeaneen Becker and Donna Flanner against, *inter alia*, defendant-appellant, R.E. Cooper Corporation (Cooper), and defendants-appellees, Eaton Corporation (Eaton) and the Kankakee Lift Truck, Incorporated. At the conclusion of the trial, the jury

rendered verdicts in favor of plaintiffs-appellees and against defendant-appellant Cooper and defendant-appellee Kankakee Lift Truck. The jury also returned a verdict in favor of defendant-appellee Eaton Corporation. Following the arguments presented at the hearing on Kankakee Lift Truck's post-trial motion, Kankakee Lift Truck and the plaintiffs-appellees agreed to a settlement of that portion of the verdict affecting Kankakee Lift Truck. Cooper brought the instant appeal.

Cooper raises several issues on appeal. However, since we find the trial court erred in denying Cooper's motion for a change of venue, we need only state those facts necessary to reach such decision. On March 11, 1988, this case appeared on the mandatory trial status call to determine readiness for trial on March 14. On March 14, Judge Ewert continued the case until March 16. On March 16, the case was called and assigned to Judge Michael Lyons for trial. At that point, Cooper made a motion for a change of judge pursuant to the venue provisions set forth in section 2—1001 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—1001). Cooper predicated its petition for a change of venue on the alleged prejudice of Judge Lyons against Cooper. No other party joined Cooper in its motion for change of venue. After hearing oral argument on Cooper's motion, Judge Lyons denied the motion, citing *Gouker v. Winnebago County Board of Supervisors* (1967), 37 Ill. 2d 473, 228 N.E.2d 881, and noting that he previously held a pretrial conference with the parties involved.

We glean from the record that the February 23, 1988, pretrial conference lasted 1½ hours and that the parties discussed the nature of the case, the theories of potential liability, the witnesses, and potential evidentiary problems. Judge Lyons, at that time, was not the assigned trial judge in the case. There is nothing in the record to indicate that Judge Lyons made a ruling on a substantial issue at the pretrial conference. However, following the trial, Judge Lyons, in rejecting Cooper's post-trial motion, commented that his previous denial of Cooper's motion for a change of venue was based upon his extensive participation in the pretrial conference.

■■ ■ Cooper contends that its petition for a change of venue was improperly denied, rendering all orders entered subsequent thereto void. We agree. Section 2—1001(a)(2) of the Code of Civil Procedure provides "[a] change of venue in any civil action may be had *** [w]here any party or his or her attorney fears that he or she will not receive a fair trial in the court in which the action is pending, because the inhabitants of the county are or the judge is prejudiced against him or her, or his or her attorney, or the adverse party has an undue

influence over the minds of the inhabitants. In any such situation the venue shall not be changed except upon application, as provided herein, or by consent of the parties." (Ill. Rev. Stat. 1987, ch. 110, par. 2—1001(a)(2).) The right to a change of venue is absolute where a motion alleging prejudice of the judge is filed before trial or hearing and before the judge presiding in the case has made any substantial ruling. (*Stoller v. Paul Revere Life Insurance Co.* (1987), 163 Ill. App. 3d 438, 517 N.E.2d 5.) The salutary principle is that one should not be compelled to plead his cause before a judge who is prejudiced, whether actually or only by suspicion, and the right is mandatory if made in apt time. (*American State Bank v. County of Woodford* (1977), 55 Ill. App. 3d 123, 371 N.E.2d 232.) Courts liberally construe the venue provisions to permit rather than defeat a change of venue, particularly where the movant charges prejudice on the part of the judge. (*Stoller v. Paul Revere Life Insurance Co.* (1987), 163 Ill. App. 3d 438, 517 N.E.2d 5.) Accordingly, Illinois courts have repeatedly held that if the petition for a change of venue is in proper form and timely filed, the trial judge must grant the petition. *Rosewood Corp. v. Transamerica Insurance Co.* (1974), 57 Ill. 2d 247, 311 N.E.2d 673; *Frede v. McDaniels* (1976), 37 Ill. App. 3d 1053, 347 N.E.2d 259.

■ A petition for change of venue, however, must be brought at the earliest practical moment. (*Wagner v. David* (1966), 35 Ill. 2d 494, 221 N.E.2d 248.) A petition is untimely if brought after a hearing on the merits has started or the trial court has ruled on a substantial issue in the case. (*Heman v. Jefferson* (1985), 136 Ill. App. 3d 745, 483 N.E.2d 537.) The rationale for the timeliness requirement is that the courts have long condemned a litigant's attempt to seek a change of venue after he has formed an opinion, based upon the court's adverse rulings, that the judge may be unfavorably disposed toward his cause. (*In re Marriage of Kozloff* (1984), 101 Ill. 2d 526, 463 N.E.2d 719.) A party should not be free to "judge shop" until he or she finds a jurist who is favorably disposed to his cause of action. *In re Marriage of Passiales* (1986), 144 Ill. App. 3d 629, 494 N.E.2d 541.

Cases which have found that a petition for a change of venue was properly denied because the judge had made a ruling on a substantial issue in the case have involved, for example, rulings on motions to dismiss (see *City of Peoria v. Peoria Rental, Inc.* (1978), 61 Ill. App. 3d 1, 377 N.E.2d 546); or where the court had already held in favor of the plaintiffs on a count of their complaint (*Dethloff v. Zeigler Coal Co.* (1980), 82 Ill. 2d 393, 412 N.E.2d 526); or where the court had made pretrial rulings of law (*In re Estate of Roselli* (1979), 70 Ill. App. 3d 116, 388 N.E.2d 87). The rulings made by the trial judge in

those cases pertained to matters going to the merits of the case.

In contrast, cases which have found that a petition for a change of venue was improperly denied because no rulings on substantial issues had been made involved rulings on motions for continuances (see *Little v. Newell* (1973), 14 Ill. App. 3d 564, 302 N.E.2d 739); a ruling on a notice to admit facts and after a pretrial conference where no decisions were made affecting the merits of the case (*Fennema v. Joyce* (1972), 6 Ill. App. 3d 108, 285 N.E.2d 156); and rulings on discovery motions and a motion for severance of issues (*Delta Oil Co. v. Arnold* (1978), 66 Ill. App. 3d 375, 384 N.E.2d 25). The rulings in those cases involved issues not directly related to the merits of the case.

In the instant case, therefore, the question is whether Judge Lyons ruled on a substantial issue in the case before Cooper filed its petition for a change of venue. After reviewing the record, we conclude that the trial judge had not ruled on a substantial issue prior to Cooper's petition for a change of venue. Thus, Cooper timely presented its motion.

The record shows the case was before Judge Lyons on four occasions. Judge Lyons' involvement consisted of setting the case for a pretrial conference on November 2, 1987, and continuing the case on December 2, 1987, and December 4, 1987. In addition, Judge Lyons held the pretrial conference on February 23, 1988. After reviewing the record, we believe that Judge Lyons made no substantial rulings going to the merits of the case during those proceedings.

Appellees further assert that "something happened" at the pretrial conference which should preclude Cooper from having a change of venue. The "something" is not specified by appellees, and indeed, the appellees fail to point to any substantial ruling or expression of opinion made by Judge Lyons at the pretrial conference. The record indicates that Judge Lyons made no substantial ruling on an issue in the case at the pretrial conference nor did he express his opinion with respect to the theories presented by Cooper's counsel. However, in rejecting Cooper's post-trial motion, Judge Lyons cited the case *In re Custody of Peterson* (1984), 129 Ill. App. 3d 887, 473 N.E.2d 412, *rev'd on other grounds* (1986), 112 Ill. 2d 48, 491 N.E.2d 1150, as authority for his denial of Cooper's petition for a change of venue, and Judge Lyons commented that he extensively participated in the pretrial conference. We believe, however, that *Peterson* and the instant case are readily distinguishable.

In *Peterson*, a custody battle between the father of a child and the deceased mother's parents, the court expressed its opinion regarding the outcome of the litigation. The court opined that the child's grand-

parents had "an uphill battle *** pursuant to Illinois law." (129 Ill. App. 3d at 889.) Also, the judge at the pretrial conference in *Peterson* was the assigned trial judge at the time of the pretrial conference. In contrast, the record indicates that Judge Lyons was not the assigned trial judge at the time of the pretrial conference and that during the pretrial conference he made no ruling on a substantial issue in the case.

We are not prepared to hold that a pretrial conference could never render untimely a motion for a change of venue, for we recognize a potential for abuse in a rule which would allow litigants to test the disposition of a trial judge during a pretrial conference while retaining an absolute right at change of venue. (See *Fennema v. Joyce* (1972), 6 Ill. App. 3d 108, 285 N.E.2d 156.) In the instant case, however, we believe Cooper was not able to determine the court's attitude on the merits of the case at the pretrial conference.

■ ■ The appellees next contend that Cooper's motion for a change of venue was motivated for purposes of delaying the trial. If it is apparent that the request for a change of venue is made only to delay or avoid trial, the denial of the petition does not constitute error. (*Hoffman v. Hoffman* (1968), 40 Ill. 2d 344, 239 N.E.2d 792.) In *Hoffman*, a divorce proceeding, the wife made numerous motions for continuances which were denied by the assignment judge. After the case was assigned for trial, the wife again asked for a continuance, which was denied. The wife then made a motion for a change of venue. When asked by the trial judge for the basis of the motion for a change of venue, the wife's counsel stated: "We are not ready, we have asked for a continuance and we do not feel we can get a fair and impartial trial." (*Hoffman v. Hoffman* (1968), 40 Ill. 2d 344, 346, 239 N.E.2d 792, 793.) The court denied the motion for a change of venue, noting that the intention of the wife to delay the trial was plainly evident. In contrast, Cooper presented its motion for a change of venue prior to its motion for summary judgment. Although the appellees characterized Cooper's motion for a change of venue as a mere "sophisticated manipulation of procedures," we believe, after reviewing the record, Cooper's motion for a change of venue was not motivated for purposes of delaying the trial nor was it in anyway a manipulation of procedural rules.

The record shows that two days after the denial of Cooper's venue petition, Kankakee Lift Truck and Eaton both filed motions for summary judgment. In addition, Cooper's motion for a continuance was not presented until March 23, 1988. There is no evidence in the record to indicate that these motions were made for purposes of de-

laying the trial and neither was there any evidence in the record to indicate that Cooper's motion for a change of venue was made for purposes of delaying the trial. We therefore conclude that Cooper's motion for a change of venue was not motivated to delay the trial.

The appellees further contend that they were not given adequate notice of the Cooper's motion for a change of venue. Section 2—1001(e) of the Code of Civil Procedure provides in part that reasonable notice of a motion for a change of venue must be given to the adverse party or his or her attorney. (Ill. Rev. Stat. 1987, ch. 110, par. 2—1001(e).) What is reasonable notice under the venue statute depends upon the circumstances of each particular case. (*Anderson v. City of Wheaton* (1975), 25 Ill. App. 3d 100, 323 N.E.2d 129.) Appellees assert that Cooper's motion for a change of venue was dated March 11, 1988, and thus, Cooper should have notified appellees of its intention to bring the motion for a change of venue at that time. The case *Intini v. Schwartz* (1979), 78 Ill. App. 3d 575, 397 N.E.2d 84, elucidates the purpose of the reasonable notice requirement within the venue statute. There, the assigned trial judge granted Intini a two-week continuance in order to prepare an argument to Schwartz's motion to dismiss. Two weeks later, at the hearing on the motion to dismiss, Intini petitioned for a change of venue alleging a fear of prejudice of the trial judge. The trial judge asked Intini whether notice of the petition for a change of venue had been given, and upon learning that no such notice was given, the court denied the petition. The appellate court agreed with the trial court's decision to deny the petition for a change of venue and noted that there was no excuse or explanation for Intini's failure to give reasonable notice.

■ The instant case, however, was not assigned to a judge for trial until March 16, 1988. It would have been a useless act for Cooper to notify the appellees on March 11, 1988, of its intention to petition for a change of venue before the case was assigned to a trial judge. On March 11, 1988, Cooper did not know whether Judge Lyons would be the assigned trial judge. Indeed, on March 11, 1988, the instant case could have been assigned to Judge Lyons, Judge Ewert, or Judge Lechwar. Accordingly, under these circumstances, we conclude Cooper's petition for a change of venue did not abridge the reasonable notice requirement of the venue statute.

■ Appellees next propose that Cooper, by asking the trial court for a remittitur and a judgement notwithstanding the verdict in its post-trial motion, has waived its claim regarding the denial of the petition for a change of venue. Cooper contends, however, that the appellees' failure to cite a single statute or case supporting their argu-

ment operates as a waiver of the issue. The appellees' proposition consists of one paragraph of argument devoid of any citations to case authority or statute in support of such argument. Accordingly, we hold that participating in post-judgment motion procedure does not constitute an exception to the usual change of venue rules.

Eaton alternatively argues that if this court reverses the trial court's ruling on Cooper's motion for a change of venue and remands the case for a new trial, Eaton should not have to be a party at the retrial because a verdict was rendered in its favor in the first proceeding. Eaton requests that this court employ Supreme Court Rule 366 and grant a partial new trial to only those parties which the jury found liable. (See 107 Ill. 2d R. 366(a)(5).) We do not question the ability of this court to modify an order reversing the trial court's decision as to one party, remanding the case for a new trial with respect to that party, and yet affirming a judgment as to another party. However, under the circumstances presented herein, we believe Eaton should be a party at the retrial.

In its brief, Eaton cites the case *Zahn v. Muscarello* (1948), 336 Ill. App. 188, 83 N.E.2d 504, as support for its proposition that it should not have to be a party to a retrial. We believe, however, that *Zahn* is of little help to Eaton. In *Zahn*, a dramshop action, the court held that one of the defendants was not a proper party in the case and that the judgment against him should be reversed. The court affirmed the verdict against the other three defendants and did not give them the opportunity for a new trial. The court reasoned that the three other defendants had a fair trial as to the facts involving liability.

In the instant case, Cooper presented a motion for a change of venue based on alleged prejudice of the trial judge. Cooper was not joined by the other parties in its motion for a change of venue. Moreover, none of the cases cited by Eaton pertain to the improper denial of a motion for a change of venue.

More importantly, in those cases wherein the court found erroneous denials of petitions for a change of venue, the language employed by each of those courts is that all orders entered subsequent to an improper denial of a change of venue petition are void. (See generally *Stoller v. Paul Revere Insurance Co.* (1987), 163 Ill. App. 3d 438, 517 N.E.2d 5; *Frede v. McDaniels* (1976), 37 Ill. App. 3d 1053, 347 N.E.2d 259; *Heman v. Jefferson* (1985), 136 Ill. App. 3d 745, 483 N.E.2d 537.) In the instant case, we do not know whether the alleged prejudice of Judge Lyons benefitted Eaton to the detriment of Cooper. However, we do know that under Illinois law all orders en-

tered subsequent to the improper denial of a motion for a change of venue are void. Accordingly, the verdict in favor of Eaton is also void.

For the foregoing reasons, the order of the circuit court of Will County denying Cooper's petition for a change of venue and all orders entered subsequent thereto are vacated and the case remanded for a new trial before another judge in the twelfth judicial circuit.

Reversed and remanded.

HEIPLE, P.J., and SCOTT, J., concur.