PASCHEN CONTRACTORS, INC., *et al.*, Plaintiffs-Appellees, v. ILLINOIS STATE TOLL HIGHWAY AUTHORITY, Defendant-Appellant.

Second District   No. 2—91—0619

Opinion filed April 9, 1992.

Michael J. Hayes, Patrick S. Coffey, and Timothy G. McDermott, all of Gardner, Carton & Douglas, of Chicago, for appellant.

James R. Schirott and Phillip A. Luetkehans, both of Schirott & Associates, P.C., of Itasca, and John C. O'Rourke and Michael A. Gilman, both of O'Brien, O'Rourke, Hogan & McNulty, of Chicago, for appellees.

JUSTICE DUNN delivered the opinion of the court:

Plaintiffs, Paschen Contractors, Inc., and American Environmental Construction Company, filed suit against the defendant, Illinois State Toll Highway Authority (ISTHA), to recover damages allegedly incurred by them during the construction of certain segments of the North-South Tollway. The defendant appeals from the trial court's denial of its petition for change of venue as untimely. On appeal, ISTHA argues it was entitled to a change of venue as a matter of right based on the prejudice of the trial judge. We affirm.

This case presents a unique set of facts. The plaintiffs filed this action against ISTHA on December 6, 1989. Because the construction of the tollway was still ongoing, the parties entered into an extended period of settlement negotiations. On January 4, 1990, the parties entered into a written agreement providing that ISTHA would not be required to file an appearance or responsive pleading to the action pending an attempted resolution of the claims. The agreement also provided that ISTHA would not be prejudiced in any manner in failing to file an appearance or responsive pleading.

Pursuant to the agreement, the plaintiffs resumed construction on the tollway. The parties engaged in settlement negotiations over the next several months, resulting in the settlement of certain of the plaintiffs' claims on June 18, 1990. During the settlement negotiations, the trial court held a number of status hearings and pretrial conferences to keep abreast of the status of the negotiations. Between April 1990 and February 1991 the trial court held some 15 status hearings and pretrial conferences. ISTHA claims its attorney attended two of these hearings/conferences and then only as an observer. On these two occasions, after observing the status hearing held in open court, ISTHA's attorney agreed to attend off-the-record conferences in the trial judge's chambers. However, there is no transcript of what occurred at these proceedings.

By February 1991, the parties were unable to resolve any of the remaining claims against ISTHA. On February 11, 1991, counsel for ISTHA filed their written appearances. On February 26, 1991, ISTHA filed a petition for change of venue pursuant to section 2—1001(a)(2) of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—1001(a)(2)) based on the alleged prejudice of the trial judge

and filed sworn affidavits to that effect. In response, the plaintiffs filed affidavits in opposition to the petition which stated in part:

"Following the filing of [this] case, there have been in excess of 15 status hearings, some which took the form of pretrial conferences. These status/pretrial hearings were held in this court's chambers and were attended on many occasions by attorneys for the Illinois State Toll Highway Authority. The discussions with your honor included matters pertaining to the substance of plaintiff's complaint, including the ISTHA's right to assess liquidated damages, substantial completion, delay damages caused to Paschen/ American arising from ISTHA's failure to acquire in a timely fashion the rights of way for the prosecution of the contract work, subcontractor liens, addition of subcontractors to the case, discovery depositions and possible methods of shortening the case. Statements and comments made at these hearings disclosed this court's attitude on the matters raised."

ISTHA responded with another affidavit claiming the matters discussed at the two nonrecord status/pretrial conferences involved general discussions and that the court did not know the facts or merits of the case. ISTHA also claimed that the trial court never ruled on any substantive matters or made any statement as to any probable ruling or resolution of any substantive matter.

On March 22, 1991, at the initial hearing on the petition, the trial court took issue with ISTHA's affidavit. The affiant, attorney Malcolm Erickson, was not present in court. The trial judge stated that the affidavit contained statements that were incorrect. The judge stated that he had been informed of the agreement between the parties that ISTHA would not be prejudiced during the time during which negotiations were being conducted by not having timely filed an appearance and that, if the negotiations fell through, ISTHA would be able to file an appearance and an answer without being found in default. Further, the judge stated that ISTHA's representative was present at some of the conferences where the law regarding the issues was discussed and that he had given opinions and conclusions as to what he thought the appropriate law was.

ISTHA argued that it was not a party to the case during the hearings/conferences and, therefore, it could not have filed for a change of venue any earlier than it did. The court responded that ISTHA's attorney had participated in the conferences in order to effectuate a settlement between the parties. He was representing his client despite never having filed an appearance, and he would not be

permitted to "have it both ways" by now asserting his absolute right to a change of venue because ISTHA was technically not a party to the case. He found the discussions at the conferences resulted in substantial rulings on his part and denied the petition for change of venue. The matter was certified for interlocutory review on May 21, 1991, pursuant to Supreme Court Rule 308(a). 134 Ill. 2d R. 308(a).

The issue in this case is whether the trial judge erred in denying ISTHA's petition for a change of venue as untimely where it participated in pretrial conferences without filing an appearance in the case. On appeal, ISTHA argues it had an absolute right to petition for a change of venue and the trial judge erred in denying this right because: (1) the trial judge had not made a ruling on a substantial matter so as to preclude a change of venue; (2) the trial court was not permitted to rely on his recollections of off-the-record conferences to deny ISTHA's petition; and (3) the plaintiffs' counteraffidavits were improper and did not preclude a change of venue. We disagree.

The question before us is whether there has been a ruling on a substantial matter which would preclude ISTHA's petition for a change of venue. This case poses a unique set of facts in that ISTHA had not yet filed its appearance before the court although it had participated in pretrial hearings. This unique situation is aggravated by the fact that the pretrial conferences were not recorded. ISTHA argues the trial judge is prohibited from relying on his recollections in determining whether he had made "substantial rulings." We disagree.

ISTHA bases its argument on *Hartgraves v. Don Cartage Co.* (1976), 63 Ill. 2d 425. Before *Hartgraves*, Supreme Court Rule 329 was generally interpreted to mean that an amendment to the record could not be based upon witness memory, the recollection of a judge, or supporting affidavits without the production of some note or document contained in the record or minutes of the judge. (Ill. Ann. Stat., ch. 110A, par. 329, Historical & Practice Notes (Smith-Hurd 1985).) Our supreme court's decision in *Hartgraves* limited this restriction to situations where the amendments contradict or impeach the clear contents of the record. (*People v. Whitehead* (1980), 87 Ill. App. 3d 885, 889.) In *Hartgraves*, the court concluded that any corrections or additions to the record which contradict the clear and unambiguous contents of the record must be supported by something other than the "clear memory" of the trial judge. (*Hartgraves*, 63 Ill. 2d at 432.) However, *Hartgraves* left open the question of whether an amendment or addition to the record could be based on "clear memory," when that clear memory did not contradict or impeach the clear con-

tents of the record. *People v. Brownstein* (1982), 105 Ill. App. 3d 459, 462.

■ The amendment of the record without some documentation is permissible where that amendment supplies an omission in the record and does not impeach or contradict its contents. See *People v. Chitwood* (1977), 67 Ill. 2d 443 (where record failed to reflect defendant's waiver of a jury trial and the State was permitted to file an affidavit to correct this omission in the record); *People v. Whitehead*, 87 Ill. App. 3d 885 (where the assistant State's Attorney and the trial judge recalled the defendant's waiver of his right to a jury trial in open court and the defendant disputed the waiver, the trial judge correctly permitted the State to file an affidavit as to its recollection since it supplied an omission in the record and did not impeach or contradict it); *People v. Brownstein*, 105 Ill. App. 3d 459 (where the report of proceedings was silent as to defendant's waiver of his right to a jury trial, but the trial judge stated that he had a personal recollection of the defendant's waiver, the trial judge was permitted to rely on his recollection because his comments did not contradict the record, but in fact supported the docket entry regarding the defendant's waiver); *Gilberg v. Toys "R" Us, Inc.* (1984), 126 Ill. App. 3d 554 (where the trial judge properly denied the plaintiff's motion for a change of venue based on his recollection of a June 2, 1983, hearing in which he made a substantial ruling or made statements on his position on the merits of the case where his recollection was contained in a memorandum dated June 30, 1983, and no transcript of the June 2 hearing was submitted as part of the record and no contradiction of the court's recollection appeared in the record).

■ In the present case, no transcript of the pretrial conferences is available. The record is devoid of any information concerning the substance of the conferences attended by ISTHA's representative. The trial judge recalls stating his opinions on points of law, and the plaintiff's affidavits support this recollection. The trial judge's recollection does not contradict or impeach the record, but rather supplies an omission to its contents. Therefore, it was permissible for the trial judge to rely on his own recollections regarding the substance of the pretrial conferences. While ISTHA's trial counsel filed affidavits asserting otherwise, the resolution of any conflicts in the evidence is the responsibility of the trier of fact, and we will not substitute our judgment for that of the trial court. (*People v. Brownstein*, 105 Ill. App. 3d at 463; *People v. Villalobos* (1979), 78 Ill. App. 3d 6, 11-12.) As a practical matter, such supplementation aids this court in the complete

consideration of the merits of this case on appeal. *People v. Miller* (1989), 190 Ill. App. 3d 981, 989.

■ The right to a change of venue is absolute where a motion alleging the prejudice of the judge is filed before trial or hearing or before the judge presiding in the case has made any substantial ruling. (Ill. Rev. Stat. 1989, ch. 110, par. 2—1001(a)(2); *In re Dominique F.* (1991), 145 Ill. 2d 311.) The reasoning behind this principle is that one should not be compelled to plead his cause before a judge who is prejudiced, whether actually or only by suspicion. The corollary to this principle, however, is that a petition for a change of venue must be brought at the earliest practical moment in order to prohibit a litigant from seeking a change of venue only after he has formed an opinion that the judge may be unfavorably disposed toward his or her cause. (*In re Marriage of Kozloff* (1984), 101 Ill. 2d 526, 530-31; *Hader v. St. Louis Southwestern Ry. Co.* (1991), 207 Ill. App. 3d 1001, 1007; *Becker v. R.E. Cooper Corp.* (1990), 193 Ill. App. 3d 459, 462.) The law is clear that a party should not be free to "judge shop" until he or she finds a jurist who is favorably disposed to his or her cause of action. *Hader*, 207 Ill. App. 3d at 1007; see also *Becker*, 193 Ill. App. 3d at 462; *In re Marriage of Birt* (1987), 157 Ill. App. 3d 363, 367; *In re Marriage of Passiales* (1986), 144 Ill. App. 3d 629, 637.

ISTHA argues that because it did not file its appearance in the action until February 11, 1991, it filed its February 26, 1991, petition for a change of venue at the earliest practical moment. However, it is well settled that any action taken by a litigant which recognizes the case as being in court will amount to a general appearance unless such action was for the sole purpose of objecting to the jurisdiction over his or her person. (*Mauro v. Peterson* (1984), 122 Ill. App. 3d 466, 468.) ISTHA's representative voluntarily attended pretrial conferences at which the issues were discussed, and the trial judge gave opinions and conclusions as to the law regarding those issues. This action recognized the case was in court and amounts to a general appearance on the part of ISTHA.

ISTHA argues no substantial ruling was made by the trial judge before it filed its petition for a change of venue. It cites *Fennema v. Joyce* (1972), 6 Ill. App. 3d 108, and *Becker v. R.E. Cooper Corp.* (193 Ill. App. 3d 459) for the proposition that a petition for a change of venue filed immediately subsequent to a pretrial conference is not untimely. However, both of those courts noted the potential for abuse in a rule which would allow litigants to test the disposition of a trial judge during pretrial while retaining an absolute right to a change of venue (*Fennema*, 6 Ill. App. 3d at 111; *Becker*, 193 Ill. App. 3d at

464) and expressly stated they were not prepared to hold that a pretrial conference could never render a motion for a change of venue untimely. In both cases, the courts found that the parties petitioning for the change of venue were not able to glean the attitude of the trial judge at the pretrial conferences, and, thus, their motions for a change of venue were not untimely.

Accordingly, the issue before this court is whether the trial judge in this case made a substantial ruling before ISTHA filed its petition. Illinois courts have found petitions for change of venue untimely when filed after the petitioning party's participation in discussions concerning the matters at issue during which the judge indicates his position on at least one of the issues. (See *In re Custody of Peterson* (1984), 129 Ill. App. 3d 887 (where grandparents seeking custody of their granddaughter were properly denied a change of venue after they were able to determine the attitude of the trial judge after he indicated that he believed the law favored the natural father over the grandparents); *In re Estate of Roselli* (1979), 70 Ill. App. 3d 116 (where the trial judge properly denied plaintiff's petition for change of venue as untimely after the plaintiff was able to discern the judge's attitude concerning certain issues during a pretrial conference); *Joseph v. Joseph* (1973), 15 Ill. App. 3d 714 (where plaintiff's petition for change of venue was properly deemed untimely because it was filed after the plaintiff had engaged in lengthy discussions on the issues with the judge at which time the judge's position on the issues became apparent).) We find the facts of these cases similar to the facts in the present case.

■ In the case at bar, ISTHA voluntarily participated in discussions regarding the issues of the case with the trial judge. During these pretrial conferences, the trial judge stated his position regarding the law as applied to certain matters at issue in the case. Because ISTHA had such a unique opportunity to determine the thinking of the trial judge, we find, under these facts, the subsequent request for a change of venue was untimely and amounts to an attempt by ISTHA to "judge shop."

We do not find it necessary to address ISTHA's argument that the plaintiffs' counteraffidavits were improper because ISTHA did not sufficiently object to the filing of these affidavits in the trial court. ISTHA merely suggested the affidavits were of questionable value under the circumstances. An objection to evidence must be timely made and must specify the reasons therefor. (*Hunter v. Chicago & North Western Transportation Co.* (1990), 200 Ill. App. 3d 458, 472.) However, were we to consider this argument, we would conclude the affi-

davits were permissible.

ISTHA argues that the affidavits filed by the plaintiffs were impermissible based on *Anderson v. City of Wheaton* (1975), 25 Ill. App. 3d 100. That case provides, "[w]here a change of venue is sought on grounds of local prejudice or the undue influence of the adverse party, the adverse party may controvert the petition by counter-affidavits [*sic*] but where a change of venue is sought on grounds of prejudice of the judge *counter-affidavits* [*sic*] *are not permissible*." (Emphasis in original.) *Anderson*, 25 Ill. App. 3d at 102 n.1.

The affidavits filed by the plaintiffs in this case did not controvert the defendant's petition for change of venue. Rather, the counteraffidavits concerned what transpired during the pretrial conferences. These affidavits were only necessary because of the unique circumstances presented by this case because there was no report of proceedings from which to determine whether a substantial ruling had been made. Under these circumstances, the affidavits were permissible.

We affirm the order of the circuit court of Du Page County denying ISTHA's petition for a change of venue.

Affirmed.

INGLIS, P.J., and NICKELS, J., concur.