URSULA RODISCH, Plaintiff-Appellant, v. MARIBEL COMMACHO-ESPARZA et al., Defendants-Appellees (Albert Rodisch, Plaintiff).

Second District    No. 2—98—1503

Opinion filed December 23, 1999.

John R. Wimmer, of Downers Grove, for appellant.

Jessica B. Neulieb, of Meade, Engelberg & Associates, of Bedford Park, for appellees.

JUSTICE RAPP delivered the opinion of the court:

Plaintiff, Ursula Rodisch, appeals from a judgment entered upon a jury verdict in favor of defendants, Maribel Commacho-Esparza and Juan Esparza. Plaintiff contends, among other things, that the trial court erroneously denied her motion for substitution of judge as of right pursuant to section 2—1001(a)(2) of the Code of Civil Procedure (Code) (735 ILCS 5/2—1001(a)(2) (West 1996)). Because this issue is dispositive and we agree with plaintiff that the trial court committed error, we reverse and remand for a new trial before a different judge.

## I. BACKGROUND

In June 1996, plaintiffs, Ursula and Albert Rodisch, brought a two-count complaint against defendants, Maribel Commacho-Esparza and Juan Esparza. Count I, brought by Ursula, sought damages for personal injuries resulting from a rear-end collision involving a car driven by Maribel and owned by Juan. Count II, brought by Albert, sought damages for loss of consortium. Subsequently, the trial court granted Albert's motion to voluntarily dismiss his claim. Albert is therefore not a party to this appeal.

The case was initially assigned to Judge Paul Noland. Judge Noland set the first pretrial conference for February 14, 1997, and later rescheduled it for March 31, 1997. After two subsequent status reviews, Judge Noland again rescheduled the pretrial conference for November 14, 1997. At some point prior to the date scheduled for the pretrial conference, the case was reassigned to Judge Kenneth Moy. None of the parties requested the reassignment. After Judge Moy conducted the pretrial conference in chambers on November 14, 1997, he entered an order scheduling a hearing for December 3, 1997, for "status on settlement and setting of trial date[,] if necessary." No transcripts of the conference were made.

On December 3, 1997, plaintiff filed a "Motion to Change Venue." Though inartfully drawn and mistitled[1], the motion was construed by Judge Moy and the parties as a request for substitution of judge as of right pursuant to section 2—1001(a)(2) of the Code (735 ILCS 5/2—1001(a)(2) (West 1996)). No pretrial ruling on the motion appears in the record on appeal, but the motion was apparently denied because the case proceeded to trial in June 1998.

Following trial, the jury found for defendants and judgment was entered on the verdict. Hearings on plaintiff's posttrial motion were held on September 29 and October 20, 1998. In the motion, plaintiff argued for a new trial based upon, among other things, the erroneous denial of her motion for substitution of judge. During the hearings, Judge Moy explained to plaintiff's counsel:

"[T]he reason that I denied [the motion for substitution of judge] was I held a pretrial. *** And we had a pretrial in my office at which point I made a recommendation and a suggestion. At which time I was informed *** that, no, you wanted—you had to have the

---

[1]Effective January 1993, the legislature amended section 2—1001 of the Code and added section 2—1001.5 to distinguish between a "change of venue" and "substitutions of judge." Pub. Act 87—949, § 1, eff. January 1, 1993. Cases prior to 1993 use the terms "change of venue" and "substitutions of judge" interchangeably.

full policy, that you could proceed under the uninsured [*sic*] portions of your client's policy. At which point the pretrial was terminated and next when I suggested a trial date [*sic*].

And I think the next time I saw it [*sic*] was when that counsel presented a motion for substitution at which point I denied it based upon that reason.

\*\*\*

I know in my interpretation, reading of the cases would indicate that since I had made a recommendation and was under the—that this was a form of forum shopping for which is [*sic*] not permitted is not the reason for granting your motion. There's a reason for not granting your motion."

Later Judge Moy clarified his ruling when he told counsel:

"And as to [*sic*] counsel had indicated that there was a question of substitution of judges [*sic*] filed back in December, 1997, I previously on the record indicated that it was denied based upon the fact that a pre-trial was conducted, voluntarily by all parties and all counsel prior to the December, 1997[,] motion for substitution, and that the Court had indicated the reasoning behind its feelings, the recommendations as to the amount, at that point, that at pretrial the party, the plaintiff, indicated they wanted the full twenty thousand dollars, because there was a hundred thousand dollars under-insurance policy.

And the defendant had indicated that there were preexisting conditions, extenuating circumstances, which they could not offer the full policy of twenty thousand dollars.

And the Court made recommendations as to what they—the Court felt was reasonable and in order to settle the case, for which counsel had indicated no, they wanted to try for the maximum, they felt that because of the injuries; but even in light of the fact that pre-existing [*sic*] condition had been, had even existed, the plaintiff chose to proceed."

The posttrial motion was denied and plaintiff timely appealed.

On appeal, plaintiff contends she did not receive a fair trial. Plaintiff argues (1) that her motion for substitution of judge as of right was erroneously denied because there was no ruling on any substantial issue in the case; (2) that her two motions *in limine* seeking the exclusion of evidence were erroneously denied; (3) that the trial judge's conduct and remarks in front of the jury caused her prejudice and the parties' joint motion for mistrial because of the conduct and remarks was erroneously denied; and (4) that her motions for directed verdict or judgment *n.o.v.* on the issue of liability were erroneously denied. We will only address plaintiff's argument concerning the denial of her motion for substitution of judge as of right because it is dispositive.

## II. ANALYSIS

■ In Illinois, civil litigants are entitled to one substitution of judge without cause as a matter of right. 735 ILCS 5/2—1001(a)(2)(i) (West 1996). A trial court must grant a party's motion for substitution of judge as of right "if [the motion] is presented before trial or hearing begins and before the judge to whom it is presented has ruled on any substantial issue in the case." 735 ILCS 5/2—1001(a)(2)(ii) (West 1996). Where the motion meets these minimal requirements, a party's right to substitution of judge without cause is absolute. *In re Dominique F.*, 145 Ill. 2d 311, 318-19 (1991).

Here, Judge Moy held a pretrial conference on November 14, 1997. At the conclusion of the conference, an order was entered scheduling a hearing for December 3, 1997, for "status on settlement and setting of trial date[,] if necessary." On December 3, 1997, plaintiff filed her motion for substitution of judge as of right. Clearly the motion was brought before trial began. Therefore, in reviewing this issue our focus is on whether there was a ruling on a substantial issue in the case.

■ Since a trial court has no discretion to deny a proper motion for substitution of judge as of right (*In re Dominique F.*, 145 Ill. 2d at 319), the issue of whether there was a ruling on a substantial issue in the case presents a question of law. We apply a *de novo* standard of review. *Lucas v. Lakin*, 175 Ill. 2d 166, 171 (1997). Moreover, our review should lean toward favoring rather than defeating a substitution of judge. *In re Dominique F.*, 145 Ill. 2d at 318-19.

■ We note that our review is somewhat hampered by the lack of transcripts from the pretrial conference. However, it is permissible for a trial judge to rely on his or her own recollections regarding the substance of unreported proceedings, so long as the recollections do not contradict or impeach the record. *Paschen Contractors, Inc. v. Illinois State Toll Highway Authority*, 225 Ill. App. 3d 930, 935 (1992). We will therefore defer to Judge Moy's recollection of events at the pretrial conference in considering if there was a ruling on any substantial issue in the case.

At the hearings on plaintiff's posttrial motion, Judge Moy stated that he denied the motion for substitution of judge because the parties participated in a pretrial conference and he made "a recommendation and a suggestion" concerning the settlement of the case. He reasoned "recommendations as to the amount" of a settlement constituted a ruling on a substantial issue. Therefore, Judge Moy felt that the motion was a form of forum shopping. We find Judge Moy's conclusion erroneous.

■ A ruling that directly relates to the merits of the case is

considered a ruling on a substantial issue in the case. *Bonnie Owen Realty, Inc. v. Cincinnati Insurance Co.*, 283 Ill. App. 3d 812, 821 (1996). Cases finding the existence of a ruling on a substantial issue include situations where the trial court made a ruling on a motion to dismiss (see *City of Peoria v. Peoria Rental, Inc.*, 61 Ill. App. 3d 1 (1978)); where the trial court made pretrial rulings of law (*In re Estate of Roselli*, 70 Ill. App. 3d 116 (1979)); or where the movant participated in discussions concerning the issues during which the trial court indicated a position on at least one issue (*Paschen*, 225 Ill. App. 3d 930). Cases reaching the opposite result include *Becker v. R.E. Cooper Corp.*, 193 Ill. App. 3d 459 (1990), and *Frede v. McDaniels*, 37 Ill. App. 3d 1053 (1976).

In *Becker*, the appellate court held that, despite the parties' participation in a 1½-hour-long pretrial conference, the defendant's motion for substitution of judge was improperly denied. *Becker*, 193 Ill. App. 3d at 461. The appellate court based its decision on the fact that the trial court's involvement consisted of minor rulings including setting dates for a pretrial conference and allowing for continuances. The appellate court found that the record failed to reveal any rulings made by the trial court that went to the merits of the case. *Becker*, 193 Ill. App. 3d at 463.

Likewise in *Frede*, the appellate court reversed the denial of a motion to substitute judge in a personal injury action. In that case, the trial court held a pretrial hearing at which it set dates for answering interrogatories and responding to a motion for summary judgment and scheduled a date for trial. Seven days after the pretrial hearing the plaintiff moved for substitution of judge. The motion was denied. The appellate court held that no rulings were made on any substantive issues even though the pretrial discussions necessarily involved certain aspects of the merits of the case. *Frede*, 37 Ill. App. 3d at 1055.

■ Our case is less like *City of Peoria*, *Roselli*, and *Paschen* and more like *Becker* and *Frede*. The recommendation regarding settlement made by Judge Moy was not a ruling of law, and while the pretrial conference necessarily involved discussions about certain aspects of the merits of the case, there is no indication in the record that Judge Moy clearly established his position on any of the issues. We hold that no ruling was made on any substantial issue in this case. Plaintiff's motion for substitution of judge was improperly denied.

Having reached this conclusion, we are compelled to grant plaintiff a new trial before a different judge. Our supreme court has recognized that any order entered subsequent to the time that a motion for substitution of judge should have been granted becomes a nullity. *In re Dominque F.*, 145 Ill. 2d at 324. All orders entered in this case after

plaintiff filed her motion to substitute judge, including the judgment against plaintiff, are void. Because of this we see no need to address plaintiff's other arguments in this appeal.

## III. CONCLUSION

For the forgoing reasons the judgment of the circuit court of Du Page County is reversed, and this cause is remanded for a new trial before a different judge.

Reversed and remanded with instructions.

McLAREN and GEIGER, JJ., concur.