*In re* ESTATE OF HELEN JEAN GAY (Robert Hansen, Appellee; Carolyn Hetrick, Defendant-Appellant).

Third District    No. 3—03—0852

Opinion filed October 22, 2004.

McDADE, J., specially concurring.

Peter F. Ferracuti and Nigel Smith (argued), of Law Offices of Peter F. Ferracuti, P.C., of Ottawa, for appellant.

Douglas A. Gift (argued), of Herbolsheimer, Lannon, Henson, Duncan & Reagan, of La Salle, for appellee.

JUSTICE LYTTON delivered the opinion of the court:

Carolyn Hetrick was appointed guardian of the estate of Helen Jean Gay. After Gay died, Robert Hansen, an interested party, brought an action to determine the distribution of the estate. Hetrick moved

for a substitution of judge as a matter of right, which the trial court denied. Hetrick appeals, and we affirm.

In 1995, the trial court appointed Hetrick to serve as Helen Gay's guardian. Gay eventually moved into Hetrick's home, and Hetrick provided for Gay's daily needs. In January of 2000, a beneficiary of the estate brought an action in probate court alleging Hetrick's improper use of Gay's assets. Judge William R. Banich ordered Hetrick to file an account and report by March 2, 2000.

Gay died on February 5, 2000. On February 17, 2000, the trial judge entered an order that the guardianship should remain open pending the opening of the decedent's estate. On March 31, 2000, the judge requested a final account and report from Hetrick, who did not comply.

On May 30, 2000, Judge Banich continued the case to allow Hetrick time to file a final account and report. On June 27, the matter was again continued for a final account and report. On July 24, 2000, the trial judge continued the status of the case and ordered Hetrick to appear at the next scheduled hearing date of August 30, 2000. On August 30, Hetrick did not appear, and Judge Banich entered a rule to show cause why she should not be discharged for failure to file a final account and report.

On September 13, the trial judge held a status conference. Hetrick appeared personally and provided the court with a narrative of her care of Gay and certain financial summaries. The judge then continued the matter for a hearing on the rule to show cause on October 25, 2000. No court reporter was present. On October 25, the trial judge continued the cause for further status on November 27, and instructed Hetrick to file a final account and report "in the form required by statute" on or before that date.

Hetrick did not file a final report by November 27. In response, Judge Banich entered another order continuing the case for a pretrial conference on December 15, 2000. The order stated, "Final Account and Report in 95—P—102 is to be filed within 7 days." At the pretrial conference on December 15, Hetrick presented a motion for substitution of judge. Judge Banich scheduled the hearing date for January 31, 2001. No court reporter was present at the December 15 conference.

At the hearing on the motion, counsel for Hetrick noted that the judge had shown some impatience with the progress of the case, but had yet to enter a substantive order. Therefore, he claimed that Hetrick was entitled to a substitution. Counsel for Hansen argued that the judge had "tipped his hand" at pretrial conferences. He claimed that during those meetings, the judge noted that the estate's

yearly expense to Carol's Country Care (an entity owned and operated by Hetrick) was unusually large and would need to be substantially supported by proofs to rise to the level of a relevant expense. Judge Banich agreed and recalled that he had discussed a number of issues concerning the case in chambers. The judge stated, "I clearly indicated, you know, my position and my feelings concerning what the guardian was going to have to do if anybody came in and filed [an objection]." Based on those discussions, the judge denied the motion.

## ANALYSIS

Hetrick argues that the trial court erred in denying her motion for substitution of judge as a matter of right. She claims that Judge Banich made no substantive rulings that would preclude a substitution of judge as of right. Hansen claims that the motion was untimely because Judge Banich indicated a position on issues presented at the pretrial conferences.

■ A party is entitled to one substitution of judge without cause as a matter of right. 735 ILCS 5/2—1001(a)(2)(i) (West 2000). The trial judge must grant such a motion if the motion is presented before a trial or hearing begins and before the judge has ruled on any substantial issue in the case. 735 ILCS 5/2—1001(a)(2)(ii) (West 2000). A substantial ruling is one that directly relates to the merits of the case. *City of Granite City v. House of Prayers, Inc.*, 333 Ill. App. 3d 452, 775 N.E.2d 643 (2002).

Even in the absence of any substantive ruling, a motion for substitution of judge may be denied if the movant had an opportunity to "test the waters" and form an opinion as to the judge's reaction to her claim. *In re Marriage of Petersen*, 319 Ill. App. 3d 325, 744 N.E.2d 877 (2001). A petition for substitution of judge must be brought at the earliest practical moment to prohibit a litigant from seeking a substitution only after she is able to discern the judge's position. *In re Estate of Roselli*, 70 Ill. App. 3d 116, 388 N.E.2d 87 (1979). Courts disfavor allowing a party to "shop" for a new judge after determining the original judge's disposition toward the case. *In re Marriage of Abma*, 308 Ill. App. 3d 605, 720 N.E.2d 645 (1999); *Becker v. R.E. Cooper Corp.*, 193 Ill. App. 3d 459, 550 N.E.2d 236 (1990). Consequently, a request for judge substitution may be untimely if it is made after pretrial conferences at which substantive issues were discussed but not decided. *Abma*, 308 Ill. App. 3d 605, 720 N.E.2d 645. We review the denial of a motion for substitution of judge as of right *de novo*. *Nasrallah v. Davilla*, 326 Ill. App. 3d 1036, 762 N.E.2d 25 (2001).

Here, Hetrick and her attorney had participated in several pretrial conferences and status hearings which were not memorialized. Based

on his own recollection, Judge Banich determined that the motion was untimely because the parties had an opportunity to assess his feelings and views on some of the issues during those proceedings. Hetrick argues that we cannot rely on the trial judge's own recollections in determining whether the denial of the motion was correct.

In *Paschen Contractors, Inc. v. Illinois State Toll Highway Authority*, 225 Ill. App. 3d 930, 590 N.E.2d 539 (1992), the court held that the trial judge properly denied a motion for change of judge as of right which was made after the parties had participated in several pretrial conferences. The pretrial conferences were not memorialized, and the trial judge relied on his recollection in determining whether he had made substantial rulings. The appellant had argued that the court could not rely on the trial judge's memory, citing *Hartgraves v. Don Cartage Co.*, 63 Ill. 2d 425, 348 N.E.2d 457 (1976). However, the *Paschen* court distinguished *Hartgraves*, noting that it was limited to situations where the judge's recollection contradicted or impeached the clear contents of the record. If, on the other hand, the trial judge's recollections regarding the substance of pretrial conferences do not contradict or impeach the record, it is permissible for the judge to rely on those recollections. *Paschen Contractors, Inc.*, 225 Ill. App. 3d at 934, 590 N.E.2d at 542. See also *Rodisch v. Commacho-Esparza*, 309 Ill. App. 3d 346, 350, 722 N.E.2d 326, 329 (1999) (following *Paschen*); *Abma*, 308 Ill. App. 3d at 612-13, 720 N.E.2d at 651-52 (same).

■ Here, Judge Banich considered the motion and ruled that it was untimely. In so doing, he relied on his recollection of off-the-record pretrial conferences that he had indicated his position and feelings concerning the burden Hetrick needed to overcome if an objection was filed. Nothing in the record, either before or after the substitution motion was made, contradicts that recollection. Therefore, it was permissible for the judge to rely on his own memory regarding the substance of the pretrial proceedings.

During pretrial conferences it is common for a judge to express an opinion or make a recommendation to the parties on an issue. The record indicates that this case had been before Judge Banich for several months. He had discussed the merits of the action during pretrial conferences and had suggested that the burden of proof would be significant. Hetrick does not claim that she did not participate in the conferences. Considering all the circumstances surrounding the pretrial proceedings, the motion for substitution of judge was untimely because it was made after Hetrick had an opportunity to form an opinion as to the judge's reaction. The trial judge's suggestions and comments during the pretrial conferences gave her a unique ability to determine the court's attitude concerning certain issues. Accordingly, Judge Banich properly denied Hetrick's motion for substitution.

## CONCLUSION

The judgment of the circuit court of La Salle County is affirmed.

Affirmed.

SCHMIDT, J., concurs.

JUSTICE McDADE, specially concurring:

I concur in the decision of the majority because the result is clearly supported by existing case law. I write separately to indicate my belief that "tipping the hand" is too subjective and elusive a standard to be susceptible in cases such as this to any meaningful kind of assessment by the trial court or review by the appellate court. It is a standard that can, as is evident in this case, be easily manipulated by the parties. While the trial court's decision seems to have been consistent with the law, the standard itself seems to me to leave us poised at the top of a slippery slope.

In the present case, defendant flagrantly disregarded multiple directives from the court to file an accounting of her use of the assets of the plaintiff estate while serving as guardian. As the number of her failures to do so mounted, the judge entered a rule to show cause why she should not be discharged and also indicated that she would need to support her claim for substantial expenses with proofs. No order was entered on the rule to show cause. Nor did the judge suggest how he would rule on the proofs, only that they would be required. I do not believe the judge did anything more than engage in sound case and courtroom management, and I do not see any objective way to characterize his conduct as "tipping the hand."

The second problem for me is that our standard of review is *de novo*, but even if we had a transcript of the proceedings, we would still be ignorant of inflection, facial expressions or body language that could more clearly indicate whether or not the judge had actually tipped his hand. We have no objective basis for making a meaningful judgment and are, therefore, totally reliant on the judge's own subjective recollection and reconstruction in reviewing his decision. This standard seems totally inappropriate for *de novo* review.

There is, for me, one additional concern with the use of the "tipping the hand" standard. It appears that an acknowledgment that one has "tipped his hand" is tantamount to a concession that he has prejudged the case and is, therefore, biased. It seems to me that such a finding ought to mandate a recusal rather than militating against it. As it now stands, if the judge has *not* formed an opinion and given the parties some inkling of what that opinion is, then a party is able to

take a recusal as a matter of right; if, on the other hand, the judge *has* formed an opinion before the evidence has been presented and has tipped his hand to that effect, he must remain as the judge in the case. While I understand and appreciate the need to discourage forum shopping, this result makes no sense to me, even though it is supported by existing precedents.