# Illinois Official Reports

## Appellate Court

---

### *Chavis v. Woodworker's Shop, Inc.*, 2018 IL App (3d) 170729

---

| | |
|---|---|
| Appellate Court Caption | JACK R. CHAVIS and BONNIE J. CHAVIS, Plaintiffs-Appellants, v. WOODWORKER'S SHOP, INC., Defendant-Appellee. |
| District & No. | Third District<br>Docket No. 3-17-0729 |
| Filed | September 5, 2018 |
| Decision Under Review | Appeal from the Circuit Court of Peoria County, No. 17-SC-31; the Hon. Paul P. Gilfillan and the Hon. Jodi M. Hoos, Judges, presiding. |
| Judgment | Reversed in part and vacated in part; cause remanded with directions. |
| Counsel on Appeal | John T.D. Bathke, of Peoria, for appellants.<br><br>Kirk W. Bode, of Pekin, for appellee. |
| Panel | JUSTICE LYTTON delivered the judgment of the court, with opinion.<br>Presiding Justice Carter and Justice O'Brien concurred in the judgment and opinion. |

**OPINION**

¶ 1        Plaintiffs, Jack R. and Bonnie J. Chavis, filed a small claims complaint against defendant, Woodworker's Shop, Inc. (Woodworker's), seeking $9085.13 in damages for the improper installation of their wood floor. The trial court entered judgment in plaintiffs' favor and awarded them $100 in damages, plus costs. On appeal, plaintiffs argue, among other things, that the trial court erroneously denied their motion for substitution of judge as of right pursuant to section 2-1001(a)(2) of the Code of Civil Procedure (Code) (735 ILCS 5/2-1001(a)(2) (West 2016)). Because we conclude that the trial court erred in denying plaintiffs' motion for substitution, we reverse in part, vacate in part, and remand for a new trial before a different judge.

¶ 2                                        BACKGROUND

¶ 3        Plaintiffs paid Woodworker's $8000 to install engineered hardwood flooring in their house over an existing concrete floor. The flooring was installed in January 2015. Six months later, plaintiffs contacted Woodworker's and informed the company that the flooring was uneven. Woodworker's sent an employee to investigate plaintiffs' complaints and determined that the hardwood was properly installed. Woodworker's subsequently refused to repair the floor.

¶ 4        On January 8, 2017, plaintiffs filed a small claims complaint seeking damages in the amount of $9085.13 for Woodworker's failure to adhere to the manufacturer's specifications. They claimed that the improper installation of the hardwood flooring resulted in a floor that was not flat and did not have the required expansion space.

¶ 5        The matter was scheduled for a first appearance on January 23, 2017, before Judge Jodi M. Hoos. On that date, Woodworker's appeared through counsel and plaintiffs appeared *pro se*. The court scheduled the matter for a bench trial on March 23, 2017. At the conclusion of the proceeding, Jack made an inappropriate remark directed at Judge Hoos. The judge found him in contempt, placed him in a holding cell, and released him after an apology.

¶ 6        On March 8, two weeks before the scheduled trial, plaintiffs filed a motion "asking for the judge to recuse herself." The motion was heard before the chief judge of the circuit court. At the hearing, Jack informed the court that at the first appearance, he asked the judge about discovery and the admissibility of evidence, and the judge told him to talk to an attorney. As he was leaving the courtroom, he "made a statement he shouldn't have made" and the trial court found him in contempt. Jack stated that he was handcuffed and placed in a holding cell. He later apologized, and the court released him. In addition to Jack's statement to the court, both parties agreed that from the date of the first appearance to the filing of plaintiffs' motion, no other motions had been filed and no other rulings had been made by the court.

¶ 7        The trial court denied plaintiffs' motion for substitution of judge as of right. The court held that the contempt finding was a substantial ruling in the case, which precluded Jack from substituting the judge without cause as a matter of right.

¶ 8        The cause proceeded to trial. After hearing evidence, the trial court ruled that the only basis for liability was the improper installation of the expansion joints. The court determined that the cost to repair the floor joints was $100 and entered an order in plaintiffs' favor for $100 in damages, plus costs, for a total amount of $191.

¶ 9 ANALYSIS

¶ 10 Plaintiffs argues that (1) their motion for substitution of judge as of right was erroneously denied because there was no ruling on any substantial issue in the case, (2) the trial court misapplied Illinois Supreme Court Rule 286 (eff. Aug. 1, 1992) in conducting the small claims proceedings, and (3) the trial court's finding that defendant was only liable for improperly installing the expansion joints was against the manifest weight of the evidence. We will only address plaintiffs' argument concerning the denial of the motion for substitution of judge as of right because it is dispositive.

¶ 11 Under section 2-1001(a)(2)(i) of the Code, a civil litigant is entitled to one substitution of judge without cause as a matter of right. 735 ILCS 5/2-1001(a)(2)(i) (West 2016). The trial court must grant a party's motion for substitution of judge as of right if the motion "is presented before trial or hearing begins and before the judge to whom it is presented has ruled on any substantial issue in the case." *Id.* § 2-1001(a)(2)(ii); see also *Rodisch v. Commacho-Esparza*, 309 Ill. App. 3d 346, 350 (1999). A substantial issue is one that relates directly to the merits of the case. *Rodisch*, 309 Ill. App. 3d at 350-51; *In re Estate of Gay*, 353 Ill. App. 3d 341, 343 (2004).

¶ 12 "The right to substitution of judge is absolute when properly made, and the circuit court has no discretion to deny the motion." *Cincinnati Insurance Co. v. Chapman*, 2012 IL App (1st) 111792, ¶ 23. "Section 2-1001(a)(2) of the Code is 'to be liberally construed, and where the conditions are met, the trial court has no discretion to deny the request unless it is shown that the motion was made simply to delay or avoid trial.' " *Illinois Licensed Beverage Ass'n v. Advanta Leasing Services*, 333 Ill. App. 3d 927, 932 (2002) (quoting *Sahoury v. Moses*, 308 Ill. App. 3d 413, 414 (1999)). Because the trial court has no discretion to deny a proper motion for substitution of judge as of right, our review is *de novo. Id.*

¶ 13 In denying plaintiffs' motion for substitution of judge, the trial court found that Judge Hoos's finding of contempt constituted a ruling on a substantial issue in the case. A ruling that directly relates to the merits of the case is considered a ruling on a substantial issue. See *Rodisch*, 309 Ill. App. 3d at 350-51. Cases finding the existence of a ruling on substantial issue include instances where the court made a ruling on a motion to dismiss (*City of Peoria v. Peoria Rental, Inc.*, 61 Ill. App. 3d 1 (1978)), a motion for a preliminary injunction (*Sarah Bush Lincoln Health Center v. Berlin*, 268 Ill. App. 3d 184 (1994)), or a motion to bar potential evidence (*In re Marriage of Petersen*, 319 Ill. App. 3d 325 (2001)). Cases reaching the opposite conclusion include situations in which the court has held a pretrial conference regarding settlement (*Rodisch*, 309 Ill. App. 3d at 350-51), set dates for allowing for continuances (*Becker v. R.E. Cooper Corp.*, 193 Ill. App. 3d 459 (1990)), and granted a continuance on its own motion (*Scroggins v. Scroggins*, 327 Ill. App. 3d 333 (2002)).

¶ 14 Contempt proceedings are best characterized as "*sui generis.*" *People ex rel. Chicago Bar Ass'n v. Barasch*, 21 Ill. 2d 407, 409 (1961). In this case, the nature of Jack's behavior is most appropriately characterized as criminal contempt. See *People v. Hixson*, 2012 IL App (4th) 100777, ¶ 11 (criminal contempt is appropriate where litigant engages in conduct to embarrass, hinder, or harass the court in its administration of justice). While Jack's conduct at the first appearance was inappropriate and unacceptable, the trial court's contempt ruling had nothing to do with the merits of plaintiffs' small claims action. Therefore, no ruling was made on a "substantial issue" in the case. See 735 ILCS 5/2-1001(a)(2)(ii) (West 2016). Plaintiffs' motion for substitution of judge as of right was improperly denied.

- 3 -

¶ 15  Because respondent had an absolute right to substitution of judge, we reverse the order denying the motion for substitution. Any order entered subsequent to the time that a motion for substitution of judge should have been granted becomes a nullity. *In re Dominique F.*, 145 Ill. 2d 311, 324 (1991). Thus, the trial court's order awarding damages in the amount of $191 is void and must be vacated. See *Schnepf v. Schnepf*, 2013 IL App (4th) 121142, ¶ 60.

¶ 16             CONCLUSION

¶ 17  The judgment of the circuit court of Peoria County is reversed in part and vacated in part. The cause is remanded for a new trial before a different judge.

¶ 18  Reversed in part and vacated in part; cause remanded with directions.