# Illinois Official Reports

## Appellate Court

---

### *People v. Crenshaw*, 2017 IL App (4th) 150170

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MICHAEL E. CRENSHAW, Defendant-Appellant. |
| District & No. | Fourth District<br>Docket No. 4-15-0170 |
| Filed<br>Rehearing denied | April 19, 2017<br>May 19, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Brown County, No. 09-CF-5; the Hon. Diane M. Lagoski, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Michael E. Crenshaw, of Taylorville, appellant *pro se*.<br><br>Mark L. Vincent, State's Attorney, of Mt. Sterling (Patrick J. Delfino and David J. Robinson, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE KNECHT delivered the judgment of the court, with opinion.<br>Justices Harris and Steigmann concurred in the judgment and opinion. |

**OPINION**

¶ 1    This case comes to us on the motion of the office of the State Appellate Defender (OSAD) to withdraw as counsel on appeal on the ground no meritorious issues can be raised in this case. For the reasons that follow, we grant OSAD's motion and affirm the trial court's judgment.

¶ 2                    I. BACKGROUND

¶ 3    On October 20, 2009, the trial court found defendant, Michael E. Crenshaw, guilty of criminal sexual assault (720 ILCS 5/12-13(a)(3) (West 2008)) and sentenced him to eight years in prison on November 30, 2009. Defendant appealed his conviction, arguing the trial court erred by (1) denying his motion to suppress his confession, (2) admitting a cellular phone recording, and (3) imposing an excessive sentence. *People v. Crenshaw*, 2011 IL App (4th) 090908, ¶ 1, 959 N.E.2d 703. This court affirmed defendant's conviction and rejected his arguments. *Id.*

¶ 4    While his direct appeal was pending, defendant also filed a *pro se* postconviction petition under the Post-Conviction Hearing Act (725 ILCS 5/122-1 to 122-8 (West 2008)). Defendant's appointed counsel amended the petition. The trial court dismissed several claims alleged in the petition, but it allowed an ineffective-assistance claim to move forward. The claim alleged defendant's trial counsel was ineffective for failing to admonish him regarding his ineligibility for probation. The court ultimately denied defendant's postconviction petition, which was affirmed by this court in *People v. Crenshaw*, 2012 IL App (4th) 110202, ¶ 1, 974 N.E.2d 1002.

¶ 5    In December 2012, defendant *pro se* filed (1) a motion for substitution of judge, (2) a motion for leave to file a successive postconviction petition, and (3) a successive postconviction petition. The successive postconviction petition alleged initial postconviction counsel was ineffective for failing to comply with Illinois Supreme Court Rule 651(c) (eff. Apr. 26, 2012) and amend his postconviction petition to allege (1) judicial error, (2) ineffective assistance of trial counsel, (3) newly discovered evidence, and (4) ineffective assistance of appellate counsel.

¶ 6    In January 2013, Judge Robert K. Adrian denied defendant's motion for a substitution of judge, finding defendant failed to show Judge Diane M. Lagoski was biased. In June 2013, the State filed a motion to dismiss the successive postconviction petition for failure to seek leave to file it. Judge Lagoski granted the State's motion, and defendant filed a motion to reconsider and a motion for a hearing. The State then filed a motion to have defendant's petition deemed frivolous and to order defendant to pay costs. Defendant filed a second motion for a hearing. In September 2013, Judge Lagoski granted the motion to reconsider and set the matter for a hearing.

¶ 7    Also in September 2013, defendant filed a second petition for leave to file a successive postconviction petition and an amended successive postconviction petition. The amended successive postconviction petition alleged, *inter alia*, postconviction counsel (1) was ineffective for failing to comply with Illinois Supreme Court Rule 651(c) (eff. Apr. 26, 2012) by failing to review the record, (2) failed to amend the initial postconviction petition to include issues of ineffective assistance of appellate counsel, (3) failed to amend the initial postconviction petition to include the claim that trial counsel misled defendant on whether

there could be a substitution of judge, (4) failed to amend the initial postconviction petition to include a claim of ineffective assistance of appellate counsel on the issue of judicial bias or impartiality, and (5) failed to amend the petition to include a claim that appellate counsel was ineffective for not raising the issue of the insufficiency of the evidence. In November 2013, the trial court denied defendant's request for leave to file the successive postconviction petition, which this court affirmed in *People v. Crenshaw*, 2015 IL App (4th) 131035, ¶¶ 21-45, 38 N.E.3d 1256.

¶ 8        In February 2014, defendant filed a motion for a hearing and a motion for substitution of judge, seeking a substitution of Judge Lagoski. The motion for substitution of judge was denied by Judge Adrian in April 2014.

¶ 9        In August 2014, defendant filed a "motion to vacate, void judgment" under section 2-1401(f) of the Code of Civil Procedure (Civil Code) (735 ILCS 5/2-1401(f) (West 2014)), arguing the judgment against him was void because (1) the trial court committed a miscarriage of justice and plain error by dismissing the rape kit and "negative findings" by the Illinois State Police; (2) trial counsel was ineffective for failing to preserve the rape kit and failing to call a medical expert to testify; (3) Judge Lagoski was biased, thereby violating due process; (4) the trial court did not find defendant guilty beyond a reasonable doubt; (5) defendant never confessed to the crime and if there was a confession, it was coerced; and (6) defendant was prejudiced by the trial court playing a cellular phone recording multiple times prior to a trial hearing. Defendant also supplemented a renewed motion for substitution of judge as a matter of right under section 2-1001(a)(2)(ii) of the Civil Code (735 ILCS 5/2-1001(a)(2)(ii) (West 2014)), which named Judge Lagoski and Judge Adrian and was originally filed in December 2014. Judge Lagoski denied defendant's motion for substitution of judge in January 2015. Judge Lagoski held a hearing on defendant's section 2-1401 petition in February 2015, and she denied defendant's petition, finding the court had jurisdiction over the case and the remaining arguments were not properly raised in a section 2-1401 petition.

¶ 10       Defendant timely filed a notice of appeal, listing "motion for substitution of judge, motion of void judgment" as the order appealed. Defendant listed OSAD as his attorney on appeal.

¶ 11       OSAD filed a motion for leave to withdraw as defendant's counsel on appeal, citing *Pennsylvania v. Finley*, 481 U.S. 551 (1987), and asserted it had thoroughly reviewed the record and concluded any request for review would be without merit. OSAD argues defendant's claims relating to a "miscarriage of justice," plain error, and ineffective assistance of counsel cannot be brought in a section 2-1401 petition and are meritless. OSAD further argues defendant's claim relating to the substitution of Judge Lagoski and Judge Adrian is likewise meritless, despite the fact the motion for substitution of judge was ruled upon by a judge named in the motion.

¶ 12       On its own motion, this court granted defendant leave to file additional points and authorities by October 31, 2016, but defendant filed none. We grant OSAD's motion and affirm the trial court's order denying defendant's section 2-1401 petition.

¶ 13                                    II. ANALYSIS

¶ 14       In *Finley*, the Supreme Court held prisoners do not have a constitutional right to counsel when collaterally attacking their convictions; however, the Court noted, if a state chooses to offer appointed counsel for this type of relief, it has "substantial discretion to develop and implement programs to aid prisoners seeking to secure postconviction review." *Finley*, 481

U.S. at 559. The Illinois Supreme Court held, when a defendant is appointed postconviction counsel who seeks to withdraw citing *Finley*, appointed counsel must provide an explanation why the defendant's claim is without merit. *People v. Kuehner*, 2015 IL 117695, ¶ 21, 32 N.E.3d 655.

¶ 15                             A. Defendant's Section 2-1401 Petition

¶ 16        Defendant filed a petition for relief from judgment under section 2-1401(f) of the Civil Code, alleging the judgment against him was void because (1) the trial court committed a miscarriage of justice and plain error by dismissing the rape kit and "negative findings" by the Illinois State Police; (2) trial counsel was ineffective for failing to preserve the rape kit and failing to call a medical expert to testify; (3) Judge Lagoski was biased, thereby violating due process; (4) the trial court did not find defendant guilty beyond a reasonable doubt; (5) defendant never confessed to the crime and if there was a confession, it was coerced; and (6) defendant was prejudiced by the trial court playing a cellular phone recording multiple times prior to a trial hearing. OSAD argues the judgment was not void because defendant does not argue the court lacked jurisdiction over the underlying criminal proceeding.

¶ 17        We review *de novo* the denial of a petition for relief from judgment under section 2-1401 of the Civil Code. *People v. Vincent*, 226 Ill. 2d 1, 14, 871 N.E.2d 17, 26 (2007). Section 2-1401 provides a procedure through which final orders, judgments, and decrees may be challenged more than 30 days, but not more than 2 years, after their entry. *People v. Coleman*, 358 Ill. App. 3d 1063, 1066, 835 N.E.2d 387, 390 (2005). Our supreme court has instructed:

> "Under Illinois law, a party may challenge a judgment as being void at any time, either directly or collaterally, and the challenge is not subject to forfeiture or other procedural restraints. [Citation.] Void judgments thus occupy a unique place in our legal system: to say that a judgment is void or, in other words, that it was entered without jurisdiction, is to say that the judgment may be challenged in perpetuity. For this reason, as *Belleville Toyota* observed, '[l]abeling the requirements contained in statutory causes of action "jurisdictional" would permit an unwarranted and dangerous expansion of the situations where a final judgment may be set aside on a collateral attack.' [Citation.] Accordingly, only the most fundamental defects, *i.e.*, a lack of personal jurisdiction or lack of subject matter jurisdiction as defined in *Belleville Toyota* warrant declaring a judgment void. [Citation.]" *LVNV Funding, LLC v. Trice*, 2015 IL 116129, ¶ 38, 32 N.E.3d 553 (quoting *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 199 Ill. 2d 325, 341, 770 N.E.2d 177, 188 (2002)).

Defendant does not argue the trial court lacked personal jurisdiction or subject matter jurisdiction in the underlying criminal proceeding. Because defendant does not challenge jurisdiction, we need not consider whether the judgment is void.

¶ 18        Though defendant's motion only attacks the judgment as void, we nonetheless conclude defendant's arguments do not entitle him to relief under section 2-1401.

> "A section 2-1401 petition for relief from a final judgment is the forum in a criminal case in which to correct all errors of fact occurring in the prosecution of a cause, unknown to the petitioner and court at the time judgment was entered, which, if then known, would have prevented its rendition. [Citations.] A section 2-1401 petition, however, is not designed to provide a general review of all trial errors nor to substitute

for direct appeal. [Citation.]" (Internal quotation marks omitted.) *People v. Pinkonsly*, 207 Ill. 2d 555, 566, 802 N.E.2d 236, 243 (2003).

Additionally, "section 2-1401 proceedings are not an appropriate forum for ineffective-assistance claims because such claims do not challenge the factual basis for the judgment." *Id.* at 567, 802 N.E.2d at 244.

¶ 19 Notwithstanding the fact defendant filed his section 2-1401 petition well outside the two-year limitations period, defendant has not presented any facts unknown to the trial court at the time of the original judgment. Rather, defendant seeks a general review of his case, alleging ineffective assistance of trial and appellate counsel, judicial bias, and various evidentiary issues—all matters that should have been, and some of which were, presented on direct appeal or in a postconviction petition. Section 2-1401 is not the proper forum for such a review. We thus conclude OSAD has provided an adequate explanation why defendant's section 2-1401 petition is meritless.

¶ 20                    B. Defendant's Motion for Substitution of Judge

¶ 21 Defendant sought a substitution of judge as a matter of right under section 2-1001(a)(2)(ii) of the Civil Code. We review a ruling on a motion to substitute judge as a matter of right *de novo*. *Curtis v. Lofy*, 394 Ill. App. 3d 170, 176, 914 N.E.2d 248, 253 (2009). Section 2-1001(a)(2)(ii) allows a substitution of judge as a matter of right, provided the motion is filed before the judge at issue has ruled on any substantial issue in the case. 735 ILCS 5/2-1001(a)(2)(ii) (West 2014). In his motion, defendant argues the section 2-1401 proceedings are a collateral action to his criminal proceedings. Defendant asserts, because the section 2-1401 proceedings are collateral, the filing of the section 2-1401 petition begins a new proceeding, which would allow him the ability to substitute Judge Lagoski as a matter of right because she had not yet made a substantive ruling in the section 2-1401 proceeding.

¶ 22 OSAD disagrees, citing *Niemerg v. Bonelli*, 344 Ill. App. 3d 459, 464-66, 800 N.E.2d 86, 89-91 (2003). In *Niemerg*, the Fifth District concluded, "[a]lthough a section 2-1401 proceeding may be a 'new action' for some purposes, such as pleading sufficiency and service of process, it is not a new case for purposes of section 2-1001(a)(2)." *Id.* at 465, 800 N.E.2d at 90. The appellants in *Niemerg* made an identical argument to defendant's. The Fifth District, while recognizing the logic of the argument, nonetheless concluded:

"[I]t is clear to us that to allow a substitution of judge in a section 2-1401 proceeding would defeat the policy behind the rule requiring a motion for substitution to be presented before the judge has ruled on any substantial issue in the case: to preclude litigants from 'judge-shopping' after having formed an opinion that the judge may be unfavorably disposed toward the litigant's cause." *Id.*

We agree and adopt this holding and conclude defendant was not entitled to substitute Judge Lagoski as a matter of right under section 2-1001(a)(2)(ii) of the Civil Code. Defendant does not request or provide justification for a substitution of judge for cause under section 2-1001(a)(3) of the Civil Code (735 ILCS 5/2-1001(a)(3) (West 2014)), and we therefore decline to consider the issue and conclude OSAD has provided an adequate explanation why this issue is meritless.

## III. CONCLUSION

We grant OSAD's motion for leave to withdraw as counsel and affirm the trial court's judgment.

Affirmed.