NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2022 IL App (4th) 210581-U

NO. 4-21-0581

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
September 14, 2022
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Brown County |
| MICHAEL E. CRENSHAW, | ) | No. 09CF5 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Ramon M. Escapa, |
| | ) | Judge Presiding. |

PRESIDING JUSTICE KNECHT delivered the judgment of the court.
Justices Harris and Steigmann concurred in the judgment.

**ORDER**

¶ 1    *Held*:   We grant the motion of the Office of the State Appellate Defender to withdraw as defendant's appellate counsel and affirm the trial court's denial of defendant's motions for DNA testing and leave to file a successive postconviction petition.

¶ 2        Defendant, Michael E. Crenshaw, appeals the trial court's denial of his motions for DNA testing under section 116-3 of the Code of Criminal Procedure (Code) (725 ILCS 5/116-3 (West 2020)) and for leave to file a successive petition under the Post-Conviction Hearing Act (Act) (*id.* § 122-1 *et seq.* (West 2020)). This court appointed the Office of the State Appellate Defender (OSAD) to represent defendant. The appellate defender filed a motion to withdraw as counsel, arguing defendant's appeal presents no potentially meritorious issues for review. We grant the motion and affirm the trial court's denial of defendant's motions for DNA testing and leave to file a successive postconviction petition.

¶ 3                                I. BACKGROUND

¶ 4 In February 2009, the State charged defendant with criminal sexual assault (720 ILCS 5/12-13(a)(3) (West 2008)), alleging defendant committed an act of sexual penetration with his daughter, H.H., who was then 15 years old.

¶ 5 At defendant's bench trial, H.H. testified defendant entered her bedroom on February 9, 2009, and forced her to have sex with him. Because defendant had entered H.H.'s bedroom and demanded sex from her before, H.H. developed a plan to implement if it were to occur again. She held her cell phone and audio recorded defendant's sexual assault of her. At school later that day, H.H. played the recording for friends. She also played the recording for her stepmother, Stephanie Crenshaw. Stephanie confronted defendant about the recording. Defendant told Stephanie he went to H.H.'s room for a massage.

¶ 6 Jason Garthaus of the Illinois State Police testified he interviewed defendant on February 10, 2009. During the interview, defendant reported going to H.H.'s room to get a back rub. Defendant reported, during the massage, H.H. "touched his penis a couple of times." The audio recording was played for the trial court. Both H.H. and Stephanie identified defendant as the individual whispering in the recording.

¶ 7 A rape kit performed two days after the February 9, 2009, sexual assault found no physical evidence or trauma. H.H. testified defendant brought towels with him and wore a condom during the sexual assaults. Aaron Small, a forensic scientist with the Illinois State Police found no semen on H.H.'s bedding, which she had not washed since February 9, 2009. A lab analyst report noted no semen, blood, or bloodlike stains were found on the bedding. Hairs, fibers and debris were collected on tapings but were not tested. On cross-examination, Small opined a condom would reduce the likelihood semen would be found in a rape kit. Defendant testified and denied sexually assaulting H.H.

¶ 8          The trial court found defendant guilty. In doing so, it discounted the negative rape kit, noting it was not conducted until two days after the sexual assault and after H.H. had showered. The court sentenced defendant to eight years' imprisonment. On direct appeal, defendant argued in part the audio recording was improperly admitted. *People v. Crenshaw*, 2011 IL App (4th) 090908, ¶ 13. This court affirmed. *Id.* ¶ 27.

¶ 9          While his direct appeal was pending, defendant filed his first *pro se* postconviction petition. The trial court denied the petition, and we affirmed. *People v. Crenshaw*, 2012 IL App (4th) 110202, ¶¶ 8, 18. Since that time, defendant has filed multiple motions for leave to file successive postconviction petitions, with no success. See generally *People v. Crenshaw*, 2019 IL App (4th) 170396-U, ¶¶ 7-14 (discussing defendant's multiple motions). He also filed a petition for relief from judgment under section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2014)), which the trial court denied. Defendant appealed, and this court affirmed. *People v. Crenshaw*, 2017 IL App (4th) 150170, ¶ 24.

¶ 10          Among the previous proceedings, defendant argued in his first postconviction petition issues regarding the negative findings from the rape kit, but the issue was not raised on appeal. In an amended motion for leave to file a second postconviction petition, he stated he had previously alleged actual innocence and alleged the trial court committed a miscarriage of justice and plain error by discounting the rape kit and associated lab findings. He also argued his trial counsel was ineffective for failing to challenge the validity of the rape kit and appellate and postconviction counsel were ineffective for failing to assert the issue. However, those issues were not raised on appeal. In his third motion for leave to file a successive petition, defendant again raised issues concerning the validity of the rape kit but filed a notice of appeal before it was ruled on and later dismissed his appeal. He again raised the issue in his fourth motion for

leave to file a successive petition. We affirmed the trial court's denial of the motion and observed defendant's claims were barred by principles of *res judicata*. *People v. Crenshaw,* 2018 IL App (4th) 160376-U, ¶¶ 48, 50. Defendant further raised the issue in his section 2-1401 petition. After the trial court denied the petition, we granted appellate counsel's motion to withdraw and affirmed. *People v. Crenshaw*, 2017 IL App (4th) 150170, ¶ 24. In multiple filings, defendant attached a copy of the rape kit examination report as an exhibit.

¶ 11        In his fifth motion for leave to file a successive petition, defendant yet again raised claims concerning the test kit. The trial court denied the motion. On appeal, we held under *People v. Bailey*, 2017 IL 121450, the State improperly participated in the proceeding. However, for the sake of judicial economy, we reviewed the denial of defendant's motion for leave to file a successive postconviction petition and found defendant failed to identify an objective factor impeding his ability to raise his claims during his initial postconviction proceedings and his claims were barred by *res judicata*. *Crenshaw*, 2019 IL App (4th) 170396-U, ¶ 24.

¶ 12        On July 19, 2017, defendant filed a motion for DNA testing of H.H.'s bedding under section 116-3 of the Code (725 ILCS 5/116-3 (West 2020)). Defendant asserted actual innocence, emphasized the lack of physical evidence supporting his conviction, and noted H.H. testified she had not washed her bedding. He argued testing would prove he was not in H.H.'s bed, thus significantly advancing his claim of actual innocence. The trial court denied the motion, and we affirmed because DNA testing of the hair on the bedding would not significantly advance defendant's claim of actual innocence. *People v. Crenshaw*, 2020 IL App (4th) 170753-U, ¶ 51.

¶ 13        On May 12, 2021, defendant filed a new motion for DNA testing of the bedding in support of his claim of actual innocence. Also in the motion, defendant raised an issue about

- 4 -

the quality of the audio recording admitted at trial. That same day, defendant also filed a motion for leave to file a sixth postconviction petition, alleging he was denied the ability to present evidence of actual innocence and he was denied a fair hearing on his claim the rape kit cleared him. He also argued his previous successive postconviction petitions were mishandled because the State was allowed to give input at the leave-to-file stage of the proceedings.

¶ 14 The trial court denied the motions. The court found the postconviction claim concerning the rape kit was not newly discovered evidence and was previously addressed. The court also noted defendant's claim concerning the State's improper input into the matter was previously addressed. As to the motion for DNA testing, the court found in part the matter had been previously addressed. The court also found testing of the recording was outside the scope of section 116-3. This appeal followed.

¶ 15 II. ANALYSIS

¶ 16 Pursuant to *People v. Greer*, 212 Ill. 2d 192, 212 (2004), and *People v. White*, 2020 IL App (4th) 160793, ¶¶ 42-49, the appellate defender moves to withdraw as counsel. In his motion, counsel states he read the record and found no issue of arguable merit. Counsel further states he advised defendant of his opinion. Counsel supports his motion with a memorandum of law providing a statement of facts, a list of potential issues, and arguments why those issues lack arguable merit. We advised defendant he had until March 31, 2022, to respond to the motion. Defendant did not respond.

¶ 17 We agree with counsel this appeal presents no nonfrivolous issues. First, counsel submits it would be frivolous to argue defendant could show cause and prejudice to file a successive postconviction petition because the issue is *res judicata* and the evidence is not newly discovered or conclusive of innocence.

¶ 18    The Act (725 ILCS 5/122-1 *et seq.* (West 2020)) allows a defendant to challenge a conviction or sentence for violations of constitutional rights. *People v. Scott*, 194 Ill. 2d 268, 273 (2000). The Act generally permits the filing of only one postconviction petition, and a defendant is prohibited from filing a successive postconviction petition without leave of court. 725 ILCS 5/122-1(f) (West 2020). This statutory bar is relaxed when a defendant raises a due process claim of actual innocence or satisfies the "cause-and-prejudice" test (Internal quotation marks omitted.). *People v. Holman*, 2017 IL 120655, ¶¶ 25-26. A defendant shows cause by "identifying an objective factor that impeded his or her ability to raise a specific claim during his or her initial post-conviction proceedings." 725 ILCS 5/122-1(f) (West 2020). A defendant shows prejudice by "demonstrating that the claim not raised during his or her initial post-conviction proceedings so infected the trial that the resulting conviction or sentence violated due process." *Id.*

¶ 19    A proceeding under the Act is a collateral challenge to the conviction or sentence. *People v. Wrice*, 2012 IL 111860, ¶ 47. As such, the common-law doctrine of forfeiture limits postconviction claims "to constitutional matters which have not been, and could not have been, previously adjudicated." *People v. Winsett*, 153 Ill. 2d 335, 346 (1992). Generally, "[i]ssues that were raised and decided on direct appeal are barred by *res judicata*, and issues that could have been raised on direct appeal, but were not, are forfeited." *People v. English*, 2013 IL 112890, ¶ 22. "Finally, where a petitioner has previously taken a direct appeal from a judgment of conviction, the judgment of the reviewing court is *res judicata* as to all issues actually decided by the court, and any other claims that could have been presented to the reviewing court, if not presented, are [forfeited]." *People v. Flores*, 153 Ill. 2d 264, 274 (1992). We review *de novo* the

- 6 -

denial of a defendant's motion for leave to file a successive postconviction petition. *Crenshaw*, 2015 IL App (4th) 131035, ¶ 38.

¶ 20        Here, the issues in defendant's motion are barred by principles of forfeiture and *res judicata*. Defendant argued issues concerning the negative rape kit in multiple prior proceedings. To the extent the claims were not raised on appeal, defendant could have raised them. Indeed, we previously generally rejected defendant's claims as barred by *res judicata*. See, *e.g.*, *Crenshaw*, 2019 IL App (4th) 170396-U, ¶ 24.

¶ 21        Defendant argued his previous proceedings were mishandled because, under *People v. Bailey*, 2017 IL 121450, the State improperly participated in the proceedings. However, we previously addressed that issue as well. In doing so, we found defendant failed to identify an objective factor impeding his ability to raise his claims during his initial postconviction proceedings and his claims were barred by *res judicata*. *Crenshaw*, 2019 IL App (4th) 170396-U, ¶ 24.

¶ 22        We need not address counsel's alternate reasons as to why it would be frivolous to argue defendant showed cause and prejudice to submit a successive petition. However, we nevertheless note evidence of the negative rape kit is not "newly discovered." See *People v. Robinson*, 2020 IL 123849, ¶ 47 ("Newly discovered" means evidence "that was discovered after trial and that the petitioner could not have discovered earlier through the exercise of due diligence."). It also was not conclusive. *Id.* ("[T]he conclusive character element refers to evidence that, when considered along with the trial evidence, would probably lead to a different result.").

¶ 23    Counsel next submits the issue of DNA testing of the bedding is *res judicata*. Counsel further submits the issue of the audio recording is *res judicata* and not cognizable under a section 116-3 motion. We agree.

¶ 24    Defendant previously moved for testing of the bedding. That motion was denied, and we affirmed because the results of the sought-after testing would not advance defendant's claim of innocence. *Crenshaw*, 2020 IL App (4th) 170753-U, ¶ 51. Thus, the issue is *res judicata*. As to the audio recording, on direct appeal, defendant argued the recording should have been suppressed. We affirmed. *Crenshaw*, 2011 IL App (4th) 090908, ¶ 27. Therefore, we agree with counsel that issue is *res judicata* as well. We further agree audio testing is outside the purview of section 116-3, which applies to "fingerprint, Integrated Ballistic Identification System, or forensic DNA testing." 725 ILCS 5/116-3 (West 2020); see *People v. LaPointe*, 2018 IL App (2d) 160432, ¶ 31 n.6 (stating tape recordings were outside the purview of section 116-3). Accordingly, counsel is correct it would be frivolous to raise issues concerning testing of the bedding and the audio recording on appeal.

¶ 25                                III. CONCLUSION

¶ 26    After examining the record, the motion to withdraw, and the memorandum of law, we agree with counsel this appeal presents no issue of arguable merit. Accordingly, for the reasons stated, we grant the motion to withdraw as appellate counsel and affirm the circuit court's judgment.

¶ 27    Affirmed.